IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, et al., § § § | | |
| Plaintiffs, § § | | |
| V. § § | No. 3:20-cv-3008-X | |
| BLACKS IN TECHNOLOGY, LLC, et al., § § § § | | |
| Defendants. § | | |

# MEMORANDUM OPINION AND ORDER[1]

## Background

In a September 17, 2021 Order, United States District Judge Brantley Starr mandated that, "[s]hould the parties wish to file further discovery related motions, the Court ORDERS them to move for leave so to file. The motions that the parties wish to file shall be attached as exhibits to the motions for leave to file." Dkt. No. 93 at 1.

Defendant Blacks in Technology, LLC ("BIT") has filed a Motion for Leave to File Motion for Protective Order [Dkt. No. 105], to which Plaintiff Blacks in Technology International ("International") has filed a response, *see* Dkt. No. 128.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

And Counter-Plaintiff Peter Beasley has filed a Motion for Leave to Respond to BIT LLC Motion for Protective Order from Kemba Subpoena [Dkt. No. 135], seeking leave to file a response to BIT's proposed Motion for Protective Order [Dkt. No. 106] and explaining that Judge Starr "directed Blacks in Technology International ('International'), and them alone, to respond to that motion." Dkt. No. 135 at 1.

The Court GRANTS Beasley's motion for leave [Dkt. No. 135] and will consider his response in resolving BIT's Motion for Protective Order [Dkt. No. 105-1], which the Court likewise GRANTS leave to have filed.

Non-Party Larry Davis has filed a Motion to Quash Plaintiff's Subpoena [Dkt. No. 106], to which International has filed a response, *see* Dkt. No. 114, and Davis filed a reply, *see* Dkt. No. 119, after which Beasley filed a response Davis's motion to quash, *see* Dkt. No. 125.

Non-Party Heidi Donesha Edwards has filed a Motion to Quash Plaintiff's Subpoena [Dkt. No. 110], to which International has filed a response, *see* Dkt. No. 121, and Edwards filed a reply, *see* Dkt. No. 132.

Judge Starr has referred all of these pending discovery motions [Dkt. Nos. 105, 106, 110, & 135] to the undersigned United States Magistrate Judge for hearing, if necessary, and determination. See Dkt. Nos. 141 & 150.

The deadlines to respond or reply to each of these referred discovery motions has now passed,  *see* Dkt. Nos. 107, 108, & 112, and Judge Starr's latest Amended

Scheduling Order dictates that "[a]ll discovery procedures shall be initiated in time to complete discovery by February 28, 2022," Dkt. No. 159 at 1-2 (footnote omitted).

The Court now turns to each in turn.

## Legal Standards

The Court has previously laid out standards that govern a Federal Rule of Civil Procedure 45(d)(3) motion to quash a subpoena and a Federal Rule of Civil Procedure 26(c)(1) motion for protective order, and the Court incorporates and will apply – but will not repeat – those standards here. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 606-11 (N.D. Tex. 2018); *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 931-35 (N.D. Tex. 2017).

## Analysis

### I. International's Subpoena Duces Tecum to Kemba Credit Union

Plaintiff Blacks in Technology International served a second Subpoena Duces Tecum on Kemba Credit Union (the "Second Kemba Subpoena"), seeking production of bank records related to two entities: BIT and Blacks in Technology Foundation.

BIT's Motion for Protective Order asks the Court to quash or limit the Second Kemba Subpoena because it (a) "is not reasonably limited in scope and therefore not proportional to the needs of the case," (b) is "overly broad because it seeks all information that is contained in the requested bank statements, including both withdrawals and deposits," (c) "contain(s) private information of third parties, including the names of donors to BIT Foundation and the names of customers of BIT LLC," and (d) "contain(s) sensitive commercial information, including bank

transactions, account numbers, and the amount of funds available to each entity." Dkt. No. 105-1 at 2-4.

As International persuasively argues in response, even assuming that BIT has standing to seek to quash the entire subpoena, the Second Kemba Subpoena is appropriately limited in scope where it seeks bank statements for seven months (March 2021 to October 2021) for two entities and, in light of the alter ego allegations in this case, appropriately seeks records of both deposits and withdrawals.

And the Court's Agreed Protective Order [Dkt. No. 102] adequately addresses the privacy and confidentiality concerns that BIT raises, and International's counsel reports that he "previously agreed the documents produced pursuant to the Second Kemba Subpoena may be deemed 'Confidential' if BIT, LLC so chose to designate them." Dkt. No. 128 at 4-5.

BIT has not met its burden to support its requested Rule 26(c)(1) protective order, and so the Court DENIES Defendant Blacks in Technology, LLC's Motion for Protective Order [Dkt. No. 105-1].

## II. International's Subpoena Duces Tecum to Larry Davis

Non-Party Larry Davis moves to quash a subpoena duces tecum that Plaintiff Blacks in Technology International served on him, seeking production of emails between Mr. Davis's google email address and eight other email addresses and any email addresses with the blacksintechnology.net domain name. *See* Dkt. No. 106.

"On a motion asserting undue burden, [t]he moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and

oppressive. The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *MetroPCS*, 327 F.R.D. at 609 (cleaned up).

As International correctly notes, Mr. Davis has not submitted any evidence of this sort. But, as the Court has also explained, "[t]he Court also may find that a subpoena presents an undue burden when the subpoena is facially overbroad. Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *MetroPCS*, 327 F.R.D. at 610 (cleaned up). And Mr. Davis's motion to quash relies on these facial overbreadth rules.

The Court is persuaded that International's subpoena to Mr. Davis is facially overbroad because its document request does not contain any limitations as to the breadth of the document request or the time period covered by the request. International offers no suggested limitations for modifying the subpoena's request to more narrowly target emails that are relevant to the claims and defenses in this case or proportional to the needs of the case. And that some emails that would be responsive to the overbroad request may be relevant, as Mr. Beasley argues in his response in support of the subpoena, does not change the request's facial overbreadth. Neither is it any answer that Mr. Davis refused to consent to International's seeking

by subpoena to require third-party Google to respond to this same facially overbroad request.

The Court GRANTS Non-Party Larry Davis's Motion to Quash Plaintiff's Subpoena [Dkt. No. 106] and QUASHES the subpoena served on Mr. Davis, without prejudice to International's serving a subpoena with properly narrowed document requests.

### III.     International's Subpoena Duces Tecum to Heidi Donesha Edwards

Non-Party Heidi Donesha Edwards similarly moves to quash a subpoena duces tecum that Plaintiff Blacks in Technology International served on her, seeking production of emails between Ms. Edward's google email address and eight other email addresses and any email addresses with the blacksintechnology.net domain name. *See* Dkt. No. 110.

Like Mr. Davis, Ms. Edwards relied in her motion to quash on the facial overbreadth rules. And the Court is persuaded that International's subpoena to Ms. Edwards is similarly facially overbroad because its document request does not contain any limitations as to the breadth of the document request or the time period covered by the request. International offers no suggested limitations for modifying the subpoena's request to more narrowly target emails that are relevant to the claims and defenses in this case or proportional to the needs of the case. And that some emails that would be responsive to the overbroad request may be relevant, as International argues in its response, does not change the request's facial overbreadth. Neither is it any answer that Ms. Edwards refused to consent to International's

seeking by subpoena to require to third-party Google to respond to this same facially overbroad request.

The Court GRANTS Non-Party Heidi Donesha Edwards's Motion to Quash Plaintiff's Subpoena [Dkt. No. 110] and QUASHES the subpoena served on Ms. Edwards, without prejudice to International's serving a subpoena with properly narrowed document requests.

****

Finally, under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), the Court determines that, under all of the circumstances presented here, the parties and non-parties will bear their own expenses, including attorneys' fees, in connection with these four discovery motions [Dkt. Nos. 105, 106, 110, & 135].

## Conclusion

For the reasons and to the extent explained above, the Court

- GRANTS Defendant Blacks in Technology, LLC's Motion for Leave to File Motion for Protective Order [Dkt. No. 105];

- GRANTS Counter-Plaintiff Peter Beasley's Motion for Leave to Respond to BIT LLC Motion for Protective Order from Kemba Subpoena [Dkt. No. 135];

- DENIES Defendant Blacks in Technology, LLC's Motion for Protective Order [Dkt. No. 105-1];

- GRANTS Non-Party Larry Davis's Motion to Quash Plaintiff's Subpoena [Dkt. No. 106]; and

- GRANTS Non-Party Heidi Donesha Edwards's Motion to Quash Plaintiff's Subpoena [Dkt. No. 110].

SO ORDERED.

DATED: January 31, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE