UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, § § § *Plaintiff*, § § v. § § BLACKS IN TECHNOLOGY LLC, § GREGORY GREENLEE, and § DENNIS SCHULTZ, § § *Defendants*. § | Civil Action No. 3:20-CV-03008-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is counter-defendants Blacks in Technology International's, Blacks in Technology Texas's, and Blacks United in Leading Technology International's (collectively, "counter-defendants") motion to dismiss counter-plaintiff Blacks in Technology LLC's ("BIT LLC") second amended counterclaim [Doc. No. 161]. For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** the counter-defendants' motion to dismiss. The Court **GRANTS** the motion as it relates to BIT LLC's 15 U.S.C. Section 1114 federal infringement claim involving the United States Patent and Trademark Office ("USPTO") Serial No. 90182389 trademark, and **DISMISSES WITH PREJUDICE** that claim. The Court **DENIES** the motion as it relates to BIT LLC's Section 1114 infringement claim involving the USPTO Registration No. 4758593 trademark. The Court **GRANTS** the motion as it relates to BIT LLC's 15 U.S.C. Section 1125(c) dilution claim, and

1

**DISMISSES WITH PREJUDICE** that claim. And the Court **DENIES** the motion as it relates to BIT LLC's request for injunctive relief.

## I. Factual Background

As the Court has previously noted, "[t]he allegations in this case are many and meandering."[1] The Court has set them out in greater detail elsewhere,[2] and will briefly recite the relevant ones here. This lawsuit arises from the relationship between this case's original plaintiff Blacks in Technology International (individually, "International"), original defendant BIT LLC, and non-party Blacks in Technology Foundation ("BIT Foundation"). Both BIT Foundation and BIT LLC were founded and are operated by another original defendant to this case, Gregory Greenlee. BIT Foundation's goal is to "assist and encourage black members of the information technology industry."[3] Meanwhile, BIT LLC is a for-profit business which generates income through activities such as operating job-posting boards and selling online media advertisements.

In 2019, Peter Beasley began to assist with BIT Foundation, and shortly thereafter Beasley incorporated International. Though these various entities and individuals initially seemed to work in concert, during the summer of 2020 relationships began to break down. In September 2020, International sued BIT LLC and Greenlee, claiming that BIT LLC and Greenlee had converted funds belonging to International, tortiously interfered with contracts International entered into with

---

[1] Doc. No. 218 at 2.
[2] *Id.* at 2–5.
[3] Doc. No. 147 at 3.

local Blacks in Technology chapters, and that Greenlee had fraudulently induced International to commence operations by promising that BIT Foundation would not operate any longer and that International would have perpetual access to the BIT trademarks on a royalty-free basis, among a number of other claims against these and other parties.

BIT LLC countersued. BIT LLC claims that counter-defendants committed various violations under the Lanham Act relating to BIT LLC's trademarks. Counter-defendants filed a motion to dismiss BIT LLC's second amended counterclaim, which the Court considers today.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[4] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] Although the plausibility standard does not require probability, "it asks for more than a sheer possibility that a

---

[4] *Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 481–82 (5th Cir. 2021).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Id.*

3

defendant has acted unlawfully."[7] In other words, the standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[8]

### III. Analysis

#### A. BIT LLC's trademark infringement claim

First, counter-defendants argue that BIT LLC's trademark infringement claim (counts one and three) must be dismissed because, to prevail on a claim under 15 U.S.C. Section 1114, a plaintiff must have a registered trademark. And, according to counter-defendants, neither of the trademarks that are the subject of BIT LLC's infringement claim are registered. This is true of one of the trademarks, USPTO Serial No. 90182389,[9] which is currently the subject of an opposition proceeding before the Trademark Trial and Appeal Board. Contrary to counter-defendants' assertions, however, the other trademark is registered at USPTO Registration No. 4758593 and has not been abandoned.[10] Accordingly, the Court **DENIES**

---

[7] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

[8] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[9] Doc. No. 48 at 19.

[10] *Id.* at 18. Counter-defendants argue that, while one of the marks was once registered, it has since been abandoned. That is true of the trademark registered at USPTO Registration No. 4421152, but that trademark is not the subject of BIT's claims. The trademark registered at USPTO Registration No. 4758593 is.

Counter-defendants also argue in passing, this time in reference to the correct trademark registered at USPTO Registration No. 4758593, that BIT LLC cannot bring an infringement claim based on it because the trademark is technically registered to Greenlee doing business as Blacks in Technology. Doc. No. 161 at 2; Doc. No. 175 at 3. This argument is not adequately briefed by counter-defendants, and given the relationship between Greenlee and BIT LLC, the fact that the registration

4

International's motion as it relates to BIT LLC's infringement claim regarding the USPTO Registration No. 4758593 trademark.

In response to International's argument that the claim must be dismissed as it relates to the unregistered trademark, USPTO Serial No. 90182389, BIT LLC points out that registration is not required to bring a claim under 15 U.S.C. Section 1125(a)(1) for unfair competition. This is true, but International's motion seeks the dismissal of BIT LLC's Section 1114 infringement claims. And an infringement claim under Section 1114 must involve a registered mark. International does not seek the dismissal of BIT LLC's separate Section 1125(a)(1) unfair competition claim. Accordingly, the Court **GRANTS** International's motion as it relates to BIT LLC's infringement claim regarding the unregistered USPTO Serial No. 90182389 trademark. And because amendment would be futile, it **DISMISSES WITH PREJUDICE** BIT LLC's infringement claim regarding this unregistered trademark.

### B. BIT LLC's dilution claim

Next, International argues that BIT LLC's 15 U.S.C. Section 1125(c) dilution claim must be dismissed because BIT LLC has not alleged that its trademarks are famous. Section 1125(c) protects famous marks, and "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."[11] As counter-defendants point

---

is owned by Greenlee doing business as Blacks in Technology, and BIT LLC's use of the trademark, the Court is not prepared to grant counter-defendants' motion on this basis at this point. Should counter-defendants wish to raise this issue again with a more fully developed argument and legal authorities in support, it may do so in a motion at a subsequent phase of the case.

[11] 15 U.S.C. § 1125 (c)(2)(A).

out, BIT LLC's allegations regarding the fame of its marks in its second amended complaint are entirely conclusory, as BIT LLC simply alleges that its marks have "gained widespread recognition throughout the United States and are so well known that consumers associate the Marks with BIT LLC."[12] Accordingly, the Court **GRANTS** counter-defendants' motion to dismiss BIT LLC's Section 1125(c) dilution claims.

BIT LLC has already twice amended its counter-claim, and in its response to counter-defendants' motion to dismiss neither requests leave to amend in the event its dilution claim was deemed deficient nor suggests that it could allege any additional facts that would sufficiently support its claim. So, because BIT LLC has had ample opportunity to amend and further amendment would be futile, the Court **DISMISSES WITH PREJUDICE** this claim.

### C. BIT LLC's requests for injunctive relief

Finally, counter-defendants argue that BIT LLC's requests for preliminary and permanent injunctions must be dismissed because "injunctive relief is an equitable remedy, not a cause of action, and a claim for such relief should be dismissed when no substantive legal claims are pled."[13] But BIT LLC has pled substantive legal claims, and its requests for injunctive relief are predicated on those substantive legal claims. Accordingly, the Court **DENIES** counter-defendants' motion to dismiss these requests for injunctive relief. However, if BIT LLC wishes to pursue the preliminary

---

[12] Doc. No. 145 at 4.

[13] *Scott v. JP Morgan Chase Bank, N.A.*, No. 4:13-CV-3211, 2014 WL 4167980, at *7 (S.D. Tex. Aug. 19, 2014).

injunctive relief it purports to seek in its complaint, it must file an appropriate motion for such relief that demonstrates that it is entitled to a preliminary injunction.[14]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** counter-defendants' motion to dismiss. The Court **GRANTS** the motion as it relates to BIT LLC's 15 U.S.C. Section 1114 federal infringement claim involving the USPTO Serial No. 90182389 trademark, and **DISMISSES WITH PREJUDICE** that claim. The Court **DENIES** the motion as it relates to BIT LLC's Section 1114 infringement claim involving the USPTO Registration No. 4758593 trademark. The Court **GRANTS** the motion as it relates to BIT LLC's 15 U.S.C. Section 1125(c) dilution claim, and **DISMISSES WITH PREJUDICE** that claim. And the Court **DENIES** the motion as it relates to BIT LLC's request for injunctive relief.

**IT IS SO ORDERED** this 31st day of August, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) ("A preliminary injunction is an extraordinary remedy that should only issue if the movant establishes: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.") (cleaned up)).