UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-03008-X |
| BLACKS IN TECHNOLOGY LLC, GREGORY GREENLEE, and DENNIS SCHULTZ, | § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Peter Beasley's motion for reconsideration of the Court's order denying his motion to strike counter-defendant Blacks in Technology LLC's ("BIT LLC") motion for judgment on the pleadings, dismissing Beasley's civil RICO claims, and finding as moot his motions for sanctions. [Doc. No. 220]. Beasley also claims that the Court was "obliged to maintain Beasley's counter-claim for recovery of his litigation costs," and that he had "pending claims for attorney's fees in his live petition" and his motions for sanctions. Beasley does not explain via which Rule of Civil Procedure or upon what legal basis he is seeking this relief from the Court's prior orders.

Beasley's motion contains a number of arguments, some of which he raised previously, others of which he raises for the first time in his motion for reconsideration. Perhaps most significantly, Beasley marshals in a whole host of arguments and authorities purportedly demonstrating that the motion for judgment

on the pleadings should have been struck as untimely.[1] But in his original motion to strike the motion for judgment on the pleadings as untimely, Beasley's only argument was based entirely on the Court's then-current scheduling order: "Rule 12(c) allows that a party may move for judgment on the pleadings 'after the pleadings are closed'. . . . The trial is set for June 6, 2022, and the current Amended Scheduling Order hardly defines the pleadings as now being closed."[2]

As the Court explained, "this simply [was] not true. BIT LLC filed its motion on November 18, 2021, and the deadline for the parties to seek leave to amend their pleadings was November 15, 2021."[3] Beasley fails to explain why he did not raise these and other arguments in his original motions and briefs nor why the Court should now consider these new arguments. "Absent a showing of good cause for the failure to make an argument, consideration of a party's newly raised ground for relief on motion for reconsideration merely saps judicial resources and invites protracted relitigation."[4]

As for Beasley's concern regarding attorney's fees, Beasley has proceeded *pro se* throughout this litigation. "Attorney's fees are not available to a non-attorney *pro*

---

[1] *See* Doc. No. 220 at 1–3.

[2] Doc. No. 148 at 2.

[3] Doc. No. 218 at 10.

[4] *Highland Cap. Mgmt., L.P. v. Highland Cap. Mgmt. Servs., Inc.*, No. 3:21-CV-1378-N, 2021 WL 7540296 (N.D. Tex. Dec. 7, 2021) (Godbey, J.). While Beasley does not indicate under which Rule(s) of Civil Procedure he seeks relief in his motion for reconsideration, this concern for efficiency and finality animates courts exercise of their discretion to reconsider under the various rules.

*se* litigant."[5] This is because, "quite simply, [Beasley] did not actually 'pay' or 'incur' attorney['s] fees."[6]

For the foregoing reasons, and for the reasons stated in its previous memorandum opinion and order,[7] the Court **DENIES** Beasley's motion for reconsideration.

**IT IS SO ORDERED** this 31st day of August, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] *Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006).

[6] *Vaksman v. C.I.R.*, 54 F. App'x 592, *3 (5th Cir. 2002).

[7] Doc. No. 218.