UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, § § § § § § § § § § § § |  |
| *Plaintiff*, |  |
| v. | Civil Action No. 3:20-CV-3008-X |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, |  |
| *Defendants*. |  |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for default judgment from Blacks United in Leading Technology International ("BUILT") and Blacks in Technology, Texas ("BIT Texas") on their counterclaims. (Doc. 268). Regarding those counterclaims, also before the Court is a motion to strike or for leave to file an answer from Blacks in Technology, LLC ("BIT LLC") and Gregory Greenlee. (Doc. 270). After careful consideration, and for the reasons below, the Court **DENIES** BUILT and BIT Texas's default judgment motion and **GRANTS IN PART** BIT LLC and Greenlee's motion.

### I. Background

Much has been said—by the Court no less—of this case's agonizing history.[1] At issue today are BUILT and BIT Texas's counterclaims, both for trademark cancellation, against BIT LLC and Greenlee. BUILT and BIT Texas filed these

---

[1] Docs. 218 at 2; 260 at 1.

1

counterclaims on September 14, 2022 within their answer to BIT LLC's second amended counterclaim.[2] Ten months went by and BIT LLC and Greenlee never answered those counterclaims. The Court then ordered BUILT and BIT Texas to move for default judgment against BIT LLC and Greenlee on those counterclaims under Local Rule 55.1.[3] They did so,[4] and two days later, BIT LLC and Greenlee moved to strike those counterclaims, or, in the alternative, for leave to file an answer.[5]

BUILT and BIT Texas assert they're entitled to default judgment because BIT LLC and Greenlee never filed responsive pleadings to their counterclaims.[6] This is true—hence why the Court ordered them to move for entry of a default—but now BIT LLC and Greenlee want the opportunity to answer.

BIT LLC and Greenlee argue that the counterclaims at issue here were filed untimely and should thus be struck.[7] Specifically, BIT LLC and Greenlee assert that BUILT and BIT Texas filed their counterclaims well after the November 15, 2021 deadline to amend pleadings, without seeking the Court's approval, and after the discovery deadline.[8] BUILT and BIT Texas see it differently. They claim that, though the deadline to amend pleadings had passed, they had timely filed a motion

---

[2] Doc. 232.

[3] Doc. 260 at 26–27.

[4] Doc. 268.

[5] Doc. 270.

[6] Doc. 268.

[7] Doc. 270 at 1–2.

[8] *Id.*

2

to dismiss, and then their answer and counterclaims were filed within 14 days of their motion to dismiss being denied in part.[9]

## II. Analysis

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[10] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[11] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[12]

Here, the factors point toward denying the default judgment motion. Disputes of material facts *do* exist.[13] BIT LLC and Greenlee argue that allowing them to answer won't prejudice BUILT and BIT Texas because both sides have already engaged in discovery so far.[14] It's clearly established that BIT LLC and Greenlee

---

[9] Doc. 268 at 2.

[10] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[11] *Id.*

[12] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[13] Doc. 270 at 2–3. In fact, the *very* day that BUILT and BIT Texas filed the default judgment motion at hand, BIT LLC filed a third amended counterclaim regarding infringement of the very marks at issue. *See* Doc. 269.

[14] Doc. 270 at 2.

failed to respond in time. The Court finds that BIT LLC and Greenlee's "oversight"[15] in failing to respond was excusable neglect—given the hyperactivity of the docket. Though it was originally the Court's idea, the Court recognizes that entry of default is a "drastic remedy" "only resorted to by courts in the most extreme situations."[16] Here, the Court is inclined to let BIT LLC and Greenlee file their answer to BUILT and BIT Texas's counterclaims—especially because the Court recently allowed BIT LLC to replead its own claims about the trademarks at issue. But the Court will not strike BUILT and BIT Texas's counterclaims. As discussed above, BIT LLC and Greenlee are the ones with the timeliness issue here, not BUILT and BIT Texas.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** BUILT and BIT Texas's motion for default judgment, and **GRANTS IN PART** BIT LLC and Greenlee's motion, **DENYING** the motion to strike but **GRANTING** them leave to file an answer to BUILT and BIT Texas's counterclaims. Accordingly, the Court **ORDERS** BIT LLC and Greenlee to file an answer within 7 days of this Order.

**IT IS SO ORDERED** this 11th day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 270 at 2.

[16] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).