UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-cv-3008-X |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Dennis Schultz's motion for leave to file answers (Doc. 292) and motion for summary judgment (Doc. 276). For the reasons below, the Court **GRANTS** the motion for leave to file answers, **SETS** a deadline for fourteen days from this Order for a limited and specific discovery request from Plaintiff Blacks in Technology International's ("BIT International") on Schultz's new answer to BIT International's second amended complaint, and **DENIES WITHOUT PREJUDICE** the summary-judgment motion.

### I. Background

Last summer, the Court handled a good share of the "litany of claims and counterclaims" in this case.[1] Relevant here, the Court granted summary judgment to Defendant Gregory Greenlee on BIT International's tortious interference with

---

[1] Doc. 260.

contract claim.  In its opinion, the Court acknowledged that BIT International still maintained two claims against Schultz (tortious interference and breach of contract).[2] Having not heard from Schultz in a while, the Court ordered him to file a status report in fourteen days or the Court would order BIT International to move for default judgment against Schultz.[3]  In the status report, Schultz told the Court he would seek leave to file a summary judgment motion on BIT International's two remaining claims against him.[4]  Schultz claimed that it was a fine time to file a summary-judgment motion because "discovery has closed and remains closed."[5]  The Court granted him leave, and Schultz filed it.  Schultz not only sought summary judgment on the two remaining claims against him, he raised a volunteer immunity defense for the first time.[6]  Schultz had never answered or otherwise filed responsive pleading to BIT International's second amended complaint[7] or to BIT Texas's and Blacks United in Leading Technology International ("BUiLT")'s third-party counterclaims.[8]  BIT International raised this point in its response to Schultz's summary-judgment motion,[9] though it never sought default judgment against Schultz.  Schultz then filed a motion for leave to file a (very late) answer.[10]

---

[2] *Id.* at 2.

[3] Doc. 266.

[4] Doc. 271.

[5] *Id.* at 2.

[6] Doc. 277.

[7] Doc. 46 (filed on July 12, 2021).

[8] Doc. 232 (filed on September 14, 2022).

[9] Doc. 287.

[10] Doc. 292.

This case has gone on for over three years.  Discovery has been closed and dispositive motions have been filed.  But here comes Schultz with an answer to BIT International's second amended complaint.[11]  Alas, the "procedural purgatory" must continue.[12]

## II.  Legal Standard

The Court looks at four factors in determining whether to modify a scheduling order: (1) "the explanation for the failure to [timely answer]; (2) the importance of the [answer]; (3) potential prejudice in allowing the [answer]; and (4) the availability of a continuance to cure such prejudice."[13]

As to the first factor, Schultz claims that when BIT International filed its second amended complaint back in July 2021, it was a few months before Schultz's counsel appeared in the case.[14]  Schultz further seeks to justify the failure to answer on the "extensive pleadings and unnecessary complexity injected into this case by the BIT Int'l [p]arties."[15]  The Court agrees.  Just last month in this case, the Court granted BIT LLC and Greenlee's motion to file a late answer to other claims "given the hyperactivity of the docket."[16]  For the second factor, Schultz's answers are important, since they would be his only answers to BIT International's second

---

[11] To his motion for leave to file answer, Schultz also attached an answer to BIT Texas's and BUiLT's second amended counterclaims.  Doc. 292.

[12] Doc. 260 at 1.

[13] *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[14] Doc. 292 at 2.

[15] *Id.*

[16] Doc. 306 at 4.

amended complaint and BIT Texas's and BUiLT's second amended counterclaims—raising a new defense too.  As to prejudice, BIT International claims it would suffer prejudice because discovery has ended and dispositive motions have been filed.[17]  The Court agrees with BIT International that this case has gone on for quite some time. Schultz himself even acknowledged that discovery was closed.[18]  Over two years have passed since BIT International filed its second amended complaint against him, and discovery has wrapped up.

But the Court makes two observations on potential prejudice to BIT International.  First, the Court notes that BIT International never moved for default against Schultz.  It was the Court to notice Schultz's silence on the docket when it ordered Schultz to file a status report or else it would order BIT International to move for default judgment against him.[19]  BIT International delayed just like Schultz did. And second, even in BIT International's response to Schultz's summary-judgment motion, it sought more discovery itself to "prove up [its] damages."[20]  BIT International can't make both arguments: that it would be prejudicial to allow the case to continue and reopen discovery for a late answer on the one hand, and, that discovery needs to be reopened to beef up its own claims on the other.  So this brings us to the fourth factor, whether there's a way to cure the prejudice. The Court doesn't find prejudice here.  The Court does find that BIT International should have the

---

[17] Doc. 305 at 4–5.

[18] Doc. 271 at 2.

[19] Doc. 266.

[20] Doc. 287 at 10.

chance to request limited and specific discovery regarding Schultz's new answer only—no additional discovery.

In short, the factors weigh in favor of modifying the scheduling order and allowing Schultz's late answers.  Now that Schultz will have new responsive pleading, should BIT International seek limited and specific discovery on Schultz's new answer, the Court will allow such a request within fourteen days.[21]  The Court is reluctant to let a party seek more discovery without telling the Court exactly what it needs.

The Court accordingly **GRANTS** Schultz's motion for leave to file answers to BIT International's second amended complaint and BIT Texas's and BUiLT's third-party counterclaims.  A limited and specific request for discovery on Schultz's answers is due in fourteen days from the date of this Order, if in fact BIT International seeks such discovery.  And since the Court is allowing a discovery request on a new defense, ruling on Schultz's motion for summary judgment now would be premature.  The Court **DENIES WITHOUT PREJUDICE** Schultz's summary-judgment motion.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Schultz's motion for leave to file answer, **SETS** a deadline for fourteen days from this Order for a specific discovery request from BIT International on Schultz's new answer, and **DENIES WITHOUT PREJUDICE** Schultz's motion for summary judgment.

---

[21] BIT International may not end up seeking discovery on this point since it addressed Schultz's volunteer immunity defense on the merits in its response to Schultz's motion for summary judgment, though the defense had never been pled.

**IT IS SO ORDERED** this 5th day of February, 2024.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE