UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:20-cv-3008-x |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Blacks in Technology International's ("BIT International"), Blacks in Technology, Texas's ("BIT Texas"), and Blacks United in Leading Technology International's ("BUILT") (collectively, "Counter-Defendants") motion to dismiss Defendant Blacks in Technology, LLC's ("BIT LLC") third amended counterclaim. (Doc. 281) For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** the motion. (Doc. 281).

## I. Background

Last summer, the Court dismissed without prejudice BIT LLC's second amended counterclaim for failing to state a plausible claim for relief for either of its trademark infringement or unfair competition claims—granting the Counter-Defendants judgment on the pleadings.[1]  BIT LLC then filed its third amended

---

[1] Doc. 260 at 9.

counterclaim.[2]  In these new pleadings, BIT LLC maintains two claims against Counter-Defendants, again for trademark infringement and unfair competition.[3] Counter-Defendants now move to dismiss those claims.

## II.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4]  A claim is plausible when it "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[5] which requires "more than a sheer possibility that [the] defendant has acted unlawfully."[6]  "[A] formulaic recitation of the elements of a cause of action will not do."[7]  And the pleading must offer "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[9] "While, for purposes of Rule 12(b)(6), a court must accept as true all well-pleaded facts in the complaint . . . the stated claim must nevertheless be 'plausible on its face'

---

[2] Doc. 269.

[3] BIT LLC seeks preliminary and permanent injunctions against the Counter-Defendants as to these claims.  Doc. 269 at 10–11.

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.*

[7] *Id.* (cleaned up).

[8] *Id.*

[9] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (cleaned up).

to survive a motion to dismiss."[10]

## III.  Analysis

The Counter-Defendants seek to dismiss BIT LLC's two remaining claims, trademark infringement and unfair competition.[11]  The Court addresses each in turn.

### a.    Trademark Infringement

To prevail on its trademark infringement claim, BIT LLC must prove two things: ownership of a legally protected mark and a likelihood of confusion.[12]  BIT LLC's allegations in its third amended counterclaim, taken as true, plausibly meet these two elements.  BIT LLC discusses two trademarks: first, a wordmark using the words "Blacks in Technology" with the USPTO Registration Number 4758593 (the "wordmark") and second, a logo with the USPTO Registration Number 90182389 (the "logo").    When the Court previously reviewed BIT LLC's second amended counterclaim under a Rule 12(b)(6) standard,[13] the Court held that BIT LLC's pleadings failed to plausibly allege ownership of the wordmark through use.[14]  And

---

[10] *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-cv-876-sdj, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (quoting *Twombly*, 550 U.S. at 570).

[11] In a bizarre attempt, Counter-Defendants also seek to dismiss BIT LLC's claims with an affirmative defense.  Doc. 281 at 11–12.  Counter-Defendants want the Court to believe that the defense of acquiescence is so obvious on the face of BIT LLC's third amended counterclaim that it warrants dismissal.  To try and assuage the obvious concern that an affirmative defense at the motion to dismiss stage can only rely on facts pleaded and judicially noticed, Counter-Defendants want the Court to believe that one of its own organizations, BUILT, has a valid trademark (somehow a judicially-noticed fact) and that BIT LLC acquiesced (somehow a pleaded fact).  *See id.*  Unsurprisingly, BIT LLC argues in its response that its pleadings do not, in fact, establish acquiescence.  Doc. 301 at 5–6.  The Court declines to consider this affirmative defense now.

[12] *Pennzoil-Quaker State Co. v. Miller Oil and Gas Ops.*, 779 F.3d 290, 284 (5th Cir. 2015).

[13] A motion for judgment on the pleadings under Rule 12(c) "is subject to the same standards as a motion to dismiss under Rule 12(b)(6)."  *In re Great Lakes Dredge & Co.*, 624 F.3d 201, 209–10 (5th Cir. 2010).

[14] *See* Doc. 260 at 5.

while registration of a trademark is "prima facie evidence" of ownership, "ownership is established by use, not by registration."[15]  In its third amended counterclaim, BIT LLC alleged it "continuously used the Marks" through advertisement at tradeshows and online marketing.[16]  BIT LLC also alleged the use of the Marks on its website, social media platforms, merchandise, and programming, including its podcast, "BIT Tech Talk."[17]  In its pleadings, BIT LLC alleges the use of the marks at an annual conference BITCON, with the marks "featured prominently" on signage, stage dressings, and advertising materials.[18]  These facts are sufficient to allege ownership through use of the wordmark.

And though it wasn't the case for the wordmark, BIT LLC alleged prima facie evidence of ownership for the logo by attaching a copy of the logo's registration to the pleadings with "Blacks in Technology LLC" listed as the owner.[19]  The Court finds that BIT LLC's third amended counterclaim establishes ownership for both of its marks, the wordmark through ownership by use and the logo by registration of the trademark (as well as by use).

As for the likelihood of confusion element, the Court finds that BIT LLC likewise provided facts sufficient to plausibly allege this element.  The Fifth Circuit looks to eight factors to determine whether a likelihood of confusion exists:

---

[15] *Viacom Int'l, Inc. v. IJR Capital Invs., L.L.C.*, 891 F.3d 178, 186 (5th Cir. 2018) (cleaned up).

[16] Doc. 269 at 4.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 18.

"(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers."[20]  Likelihood of confusion may exist even if it is not "supported . . . by a majority of the factors."[21]

Starting with the wordmark, BIT LLC alleges that two of Counter-Defendants' organizations, BUILT and BIT International, run websites with "infirming material, including in its logo and content."[22]  For example, a screenshot of BIT International's website includes BIT LLC's logo with the words "Blacks in Technology International" underneath it.[23]  The website includes the statement, "Blacks in Technology International is winding down and endorses Blacks United in Leading Technology International (BUiLT International)."[24]  Multiple of the *American Rice* factors point to likelihood of confusion.  Just the names alone, Blacks in Technology LLC and Blacks in Technology International, are quite similar.  And though the parties may disagree on *how* similar their relative products or organizations are, at a minimum, they both are organizations that provide a technology network.  Finally, the strength of the wordmark "Blacks in Technology" is manifest in the highly reminiscent spin-off Blacks in Technology International.  BIT LLC's pleadings plausibly allege

---

[20] *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (cleaned up).

[21] *Id.* (cleaned up).

[22] Doc. 269 at 5.

[23] *Id.*

[24] *Id.*

likelihood of confusion for the wordmark.

So, too, with the logo.  There is similarity in the design between the BIT LLC logo and the new BUILT logo.[25]  Though one logo is lowercase and one is uppercase, the font seems very similar, and both include the letter "i" dotted with a globe.[26]  In its pleadings, BIT LLC also alleges actual confusion, including a screenshot of a social media conversation discussing BUILT's logo with users stating "Wait . . . it's not [BIT LLC] . . . the logo is way toooo similar" and "[y]ep, definitely took a lot of the BIT theme."[27]  Though the users were seemingly able to distinguish the two logos, the conversation started with a user tagging BIT LLC and asking, "Name change coming?" in regards to seeing BUILT's logo.[28]  These facts are sufficient to allege likelihood of confusion.

In short, the Court finds that BIT LLC stated a plausible claim for relief for its trademark infringement claim.  As such, the Court denies Counter-Defendants' motion to dismiss BIT LLC's trademark infringement claim.

### b.    Unfair Competition

BIT LLC's final remaining claim against Counter-Defendants is for unfair competition.   The Court previously found that BIT LLC failed to plead proximate

---

[25] *Id.*

[26] *See id.*

[27] *Id.* at 7.   The Court notes that it previously addressed this social media screenshot "demonstrating the apparent confusion of five anonymous users of an unidentified social media chat forum" and found that it was insufficient to plausibly allege proximate causation of BIT LLC's unfair competition claim.  *See* Doc. 260 at 8.  Importantly, the Court did not address the social media conversation in the context of the likelihood of confusion element for the trademark infringement claim.

[28] *See* Doc. 269 at 7.

6

cause because "BIT LLC alludes to no instances of the infringement diverting sales to a competitor, harming its reputation, casting aspersion on its business, denigrating its product, or spreading falsehoods."[29]  So did BIT LLC cure this defect with its third amended counterclaim?  No.  To bolster its pleadings as to this point, BIT LLC pointed to the example of BIT International's website "that utilizes infringing marks"[30] and added the following, "BIT LLC has sustained reputational injury proximately caused by Counter-Defendants' infringement of the Marks."[31]  Such a conclusory allegation is insufficient to keep the unfair competition claim alive.  The Court finds that BIT LLC failed to state a plausible claim for relief for its unfair competition claim.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Counter-Defendants' motion to dismiss.  Accordingly, the Court **DISMISSES WITH PREJUDICE** BIT LLC's unfair competition claim as to both the wordmark and the logo, but BIT LLC's trademark infringement claim survives as to both the wordmark and the logo.

**IT IS SO ORDERED** this 15th day of February, 2024.

_____

---

[29] Doc. 260 at 8–9.

[30] Doc. 269 at 5.

[31] *Id.* at 8.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE