UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No. 3:20-cv-3008-X |
| v. | § § | |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, | § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO SEAL**

Before the Court is plaintiff Blacks in Technology International's ("Plaintiff")
amended motion to seal exhibits in support of its response to defendant Dennis
Schultz's second motion for summary judgment. (Doc. No. 337). The Court has
analyzed the documents line-by-line and page-by-page, weighing the public's right of
access against the interests favoring nondisclosure. The Court **DENIES** Plaintiff's
motion and **ORDERS** Plaintiff to file the documents as they were submitted in
Plaintiff's motion to seal.

## I.    Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial
records.[1]  Transparency in judicial proceedings is a fundamental element of the rule
of  law—so  fundamental  that  sealing  and  unsealing  orders  are  immediately

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

appealable under the collateral-order doctrine.[2]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[6]  Finally, "[p]ublicly available information cannot be sealed."[7]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

## II.    Plaintiff's Motion

Plaintiff asks the Court to permit two of its exhibits to be sealed from the public.  The first is an email between individuals party to this case in which the author repeatedly notes that the facts about which he writes are "publicly available."[8] Most of the email summarizes and then charts publicly available legal information about Peter Beasley, who is a party to this lawsuit.  By definition, publicly available information is public and will not be redacted.  Further, Plaintiff failed to conduct the kind of detailed, line-by-line analysis the Fifth Circuit requires for sealing.  The Court denies Plaintiff's request to seal Exhibit A and orders Plaintiff to file Exhibit A on the public docket.

The second exhibit Plaintiff seeks to seal is a bank statement for the Blacks in Technology Foundation.[9]  As an exhibit to its motion to seal, Plaintiff filed a redacted copy of this statement, protecting the account number.  Plaintiff's argument for the document's sensitivity is conclusory rather than reflecting any kind of specific analysis.  The Court denies Plaintiff's request to seal Exhibit B and orders Plaintiff to file the redacted version it submitted along with its motion.

## III.    Conclusion

The Court DENIES Plaintiff's motion to file these documents under seal and ORDERS the public filing of Exhibits A and B to Plaintiff's motion to seal, including the redactions already present in Exhibit B. The Court's instructions are the result

---

[8] Doc. 337-1, Exhibit A.

[9] Doc. 337-1, Exhibit B.

of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[10]

      **IT IS SO ORDERED** this 9th day of September, 2024.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *June Med. Servs.*, 22 F.4th at 521.