IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Cause No. 3:20-CV-03008-X |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, | | |
| Defendants. | | |

# RULE 59 MOTION TO VACATE AND MEMORANDUM OF AUTHORITIES

Peter Beasley ("Beasley"), Movant, hereby moves pursuant to Rule 59 to set aside the court's Memorandum Opinion and Order Denying Plaintiff's Motion to Seal, ("Order to Disclose,") (doc. 339) [Exhibit A], and would show the following:

Movant is entitled to having Order to Disclose vacated under Rule 59(a)(1)(B) and Rule 59(a)(2) as the order was entered as a manifest error of law, manifest error of fact, where it affects the rights of this Movant, when the Court erroneously identified Movant to be a party to the proceedings,

which he wasn't, thus rendering the order void, it being entered unfairly in disregard to Movant's rights.

### A. The Order to Disclose Should be Reversed Under Rule 59(a)(1)(B)

The Order to Disclose should be reversed under the Plain Error Rule as the court relied on an erroneous fact, that "most of the email summarizes and then charts publicly available legal information about Peter Beasley, who is a party to this lawsuit." [Exhibit A, pg. 3].

The record before this court[1] conclusively established that since August 31, 2023, Peter was NOT a party to this lawsuit, and "most of the email" in question is not a summary of publicly available legal information about Peter Beasley.

A court abuses its discretion when it "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies

---

[1] ELECTRONIC ORDER: The Court STRIKES the Amended Complaint at Doc. 280 filed by non-party Peter Beasley. Because Beasley is no longer a party to this litigation per the Court's order at Doc. 218, he may not file pleadings (amended or otherwise). The Court STRIKES Beasley's motion at 282 and DISMISSES AS MOOT the pending motions at Docs. 284 and 294. And because Beasley is a non-party, the Court STRIKES his filings at Docs. 295, 296, and 297. (Ordered by Judge Brantley Starr on 8/31/2023) (chmb) (Entered: 08/31/2023)

the law to the facts." *June Med. Servs., Id.* at 519, (quoting *Bradley on Behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020)). The Order to Disclose was entered based on erroneous factual findings, and should be reversed.

Furthermore, no precedent at law provides that a Motion to Seal a document, if denied, permits a court to order the publication of such document. The Order to Disclose should be reversed as it was entered based on an erroneous conclusion of law.

### B.   The Dismissal Should be Reversed Under Rule 59(a)(2)

It was unfair to order the disclosure of information concerning Peter Beasley without allowing Peter Beasley to be a party to those proceedings.

"No legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights." *In re Smith*, 656 F.2d 1101, 1106 (5th Cir.1981). The Due Process Clause of the Fifth Amendment, Const. amed.V, protects individuals from governmental accusations of criminal misconduct without providing a proper forum for vindication. *See, e.g.*, *In re Smith*, *Id.* (citing *Briggs*, 514 F.2d 794, 802-06 (5th Cir.1975)). "The point made in the *Briggs* decision is that no legitimate governmental interest is served by an

official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights." *In re Smith, Id.* at 1106. The government may not order another person to do what it cannot do that would violate Due Process.

## I.   PRAYER

WHEREFORE, Movant requests the court vacate its September 9, 2024, Order to Disclose, document 339.

Respectfully submitted,

**Peter Beasley, pro se**

P.O. Box 831359
Richardson, TX 75083-1359
pbeasley@bitintl.org
(972) 365-1170 Telephone

By:   s/Peter Beasley
     Peter Beasley

Certificate of Service

    I certify a true and correct copy of the foregoing document was served on all counsel of record via the court's filing system, on the 7th day of October 2024.

                                              s/Peter Beasley
                                              Peter Beasley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, §§§§§ *Plaintiff*, § v. §§ GREGORY GREENLEE, DENNIS §§ SCHULTZ, AND BLACKS IN §§ TECHNOLOGY, LLC, §§ *Defendants*. § | Civil Action No. 3:20-cv-3008-X |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO SEAL

Before the Court is plaintiff Blacks in Technology International's ("Plaintiff") amended motion to seal exhibits in support of its response to defendant Dennis Schultz's second motion for summary judgment. (Doc. No. 337). The Court has analyzed the documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. The Court **DENIES** Plaintiff's motion and **ORDERS** Plaintiff to file the documents as they were submitted in Plaintiff's motion to seal.

### I. Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

**EXHIBIT A**

appealable under the collateral-order doctrine.[2]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]  That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*"[4]  Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[6]  Finally, "[p]ublicly available information cannot be sealed."[7]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

**EXHIBIT A**

## II. Plaintiff's Motion

Plaintiff asks the Court to permit two of its exhibits to be sealed from the public. The first is an email between individuals party to this case in which the author repeatedly notes that the facts about which he writes are "publicly available."[8] Most of the email summarizes and then charts publicly available legal information about Peter Beasley, who is a party to this lawsuit. By definition, publicly available information is public and will not be redacted. Further, Plaintiff failed to conduct the kind of detailed, line-by-line analysis the Fifth Circuit requires for sealing. The Court denies Plaintiff's request to seal Exhibit A and orders Plaintiff to file Exhibit A on the public docket.

The second exhibit Plaintiff seeks to seal is a bank statement for the Blacks in Technology Foundation.[9] As an exhibit to its motion to seal, Plaintiff filed a redacted copy of this statement, protecting the account number. Plaintiff's argument for the document's sensitivity is conclusory rather than reflecting any kind of specific analysis. The Court denies Plaintiff's request to seal Exhibit B and orders Plaintiff to file the redacted version it submitted along with its motion.

## III. Conclusion

The Court DENIES Plaintiff's motion to file these documents under seal and ORDERS the public filing of Exhibits A and B to Plaintiff's motion to seal, including the redactions already present in Exhibit B. The Court's instructions are the result

---

[8] Doc. 337-1, Exhibit A.

[9] Doc. 337-1, Exhibit B.

EXHIBIT A

of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[10]

**IT IS SO ORDERED** this 9th day of September, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *June Med. Servs.*, 22 F.4th at 521.

4