UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:20-cv-3008-X |
| v. | § § | |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, | § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING MOTION TO VACATE</u>**

Before the Court is Peter Beasley's motion to vacate (Motion) this Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Seal (Doc. 339). (Doc. 346). Beasley asks the Court to reinstate him as a party and to seal an email the Court previously ordered unsealed. The Court **DENIES WITHOUT PREJUDICE** Beasley's Motion. For the reasons explained more fully below, the Court need not reinstate Beasley as a party because even a non-party can address sealing of matters related to it. But Beasley has not met the Fifth Circuit standard for sealing a document because he did not engage in page-by-page and line-by-line analysis of the interest that overrides the public's right to know.

**I.   Discussion**

First, the Court must address Beasley's motion to reinstate him as a party. Just because Beasley is no longer a party with live claims does not mean he cannot

1

weigh in on sealing issues, as he is doing now. There is no need to reinstate him as an active party in this suit just so he can pursue sealing.

As to Beasley's argument to seal the email in question, the Court commends Beasley for airing his grievances in the proper forum this time. However, the Fifth Circuit's sealing standard to which this Court adheres has not changed and Beasley fails to satisfy it. "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[1] Neither Beasley in his Motion nor plaintiff Blacks in Technology Internation in its amended motion to seal exhibits (Doc. 337) conducted a line-by-line analysis of the documents at issue or include an affidavit or declaration. This is why the initial motion to seal was denied, and Beasley's arguments here do not change that.[2]

Finally, Beasley states "no precedent . . . permits a court to order the publication of such document."[3] The documents in question are already filed on the Court's public docket;[4] they are merely shielded by the fact that they are preliminarily sealed pending the Court's determination on sealing. By denying the motion to seal and ordering public filing of the exhibits, the Court is simply ordering

---

[1] *June Med. Servs. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). (cleaned up).

[2] Additionally, an affidavit or declaration from someone with personal knowledge must support the motion. If Beasley fixes his Motion by conducting line-by-line analysis, he will need an updated affidavit or declaration.

[3] Doc. 346, at 3.

[4] Doc. 337-1, Ex. A.

the Clerk's Office to remove the preliminary sealing. This is certainly within the Court's authority.

## II. Conclusion

Because Beasley fails to satisfy the Fifth Circuit standard, the Court **DENIES WITHOUT PREJUDICE** his motion to vacate the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Seal.

**IT IS SO ORDERED** this 8th day of October, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE