UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, § § § *Plaintiff*, § § § v. § § GREGORY GREENLEE, DENNIS § SCHULTZ, AND BLACKS IN § TECHNOLOGY, LLC, § § § *Defendants*. § | Civil Action No. 3:20-CV-3008-X |

## MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION TO SEAL

Before the Court once again is plaintiff Blacks in Technology International's (BIT International) amended motion to seal. (Doc. No. 337). Defendant Dennis Schultz moved for summary judgment, and BIT International responded (Response), attaching exhibits in support that it asked the Court to seal. Though the Court previously denied BIT International's motion (Doc. 339), Peter Beasley requested permission to file his own sealing analysis because the documents at issue pertain to him. (Doc. 350). The Court granted Beasley that chance and now considers his analysis, filed at Doc. 356.

After conducting another line-by-line and page-by-page analysis weighing Beasley's interest in nondisclosure against the public's right of access, the Court **DENIES** BIT International's motion and **INSTRUCTS** the clerk's office to unseal Doc. 340.

1

## I.   Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

"The public has a common law right of access to judicial records."[4] That right applies even if the underlying information is not of particular interest to the public.[5] But that right is not absolute.[6] As Beasley cites, the Supreme Court wrote that sealing may be proper when court records "have become a vehicle for improper purposes," such as "gratify[ing] private spite or promot[ing] public scandal."[7] This might include records like lewd or graphic images of a party, but not information that is merely embarrassing.[8]

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Sealed Appellant v. Sealed Appellee*, 2024 WL 980494, at *2 (5th Cir. March 7, 2024).

[5] *Chavez v. Standard Ins. Co.*, 2020 WL 6382611, at *1 (N.D. Tex. Oct. 30, 2020).

[6] *Id.*

[7] *Nixon v. Warner Comms.*, 435 U.S. 589, 598 (1978) (sealing Watergate tapes).

[8] *Sealed Appellant*, 2024 WL at *2.

access against the interests favoring nondisclosure."[9]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[10]  Finally, "[p]ublicly available information cannot be sealed."[11]

## II. Beasley's Response

Beasley objects to two of BIT International's exhibits to its Response.  One exhibit is an email chain and the other is a bank statement.

### A. Exhibit A: Schultz's Email About Beasley

Turning first to Exhibit A, the email chain, Beasley makes a number of arguments.  He claims the information in the exhibit is irrelevant, but the central claims in BIT International's Response (to which the email chain is an exhibit) revolve around Schultz's involvement, relationship, and actions toward BIT International.  Exhibit A is central to BIT International's claim that Schultz "breached his agreements with BIT International and interfered with BIT International's contracts."[12]  Even Beasley's own analysis makes that clear.[13]

Beasley next cites *Nixon v. Time Warner Communications*, which warns courts against permitting their records "to serve as reservoirs of libelous statements."[14]  A court's records should not "become a vehicle for improper

---

[9] *Id.* (cleaned up).

[10] *Binh Hoa Le*, 990 F.3d at 419.

[11] *June Med. Servs.*, 22 F.4th at 520.

[12] Doc. 334 at 2.

[13] Doc. 356, 8–10 (analyzing the email's connection to the claims and factual issues in the case).

[14] *Id.* at 9 (citing *Nixon*, 435 U.S. at 598).

3

purposes" such as "gratify[ing] private spite or promot[ing] public scandal."[15] Beasley suggests BIT International's counsel "filed the non-redacted document to gratify a private spite against" Beasley, citing the convoluted history of this case and various mistakes Beasley claims BIT International's counsel has made.[16] However, this is insufficient to show any personal vendetta or private spite against Beasley, especially given the relevance of the exhibit to the live claims.

BIT International filed Exhibit A under seal and moved for leave to keep it under seal. Just because the Court denied the motion does not mean BIT International's counsel filed the exhibit to spite Beasley in hopes the Court would deny its motion. It simply means the public's right of access outweighs Beasley's interest in keeping the exhibit sealed. And this is not to mention the fact that Beasley himself signed the declaration supporting BIT International's motion to seal the exhibits.[17] It is unclear how Beasley reconciles the fact that he supported BIT International's motion to seal with the idea that the motion and underlying document were filed to spite him.

Beasley next argues that Schultz defamed him with libelous statements in the email that is Exhibit A. However, his claims are conclusory and overbroad.[18] Beasley does allege that Schultz's statements caused Beasley to lose his job and that Schultz should have sought Beasley's removal differently under BIT International's bylaws,[19] but that does not make Schultz's statements libelous.

---

[15] *Nixon*, 435 U.S. at 598.

[16] Doc. 356 at 10–14.

[17] Doc. 337-1 at 1–2.

4

Beasley provides no evidence that these statements are untrue, which is a foundational requirement of defamation.[20]

Beasley finally claims the events Schultz documented—"events about Beasley from over thirty years earlier, including private events of his divorce and the death of Beasley's uncle"[21]—were private and Schultz could not have known about them. But the email cites to the public court proceedings where Schultz found the information he summarized.[22] Schultz even linked to the court documents so the email recipients could read the records for themselves.[23]

Because none of Beasley's arguments is sufficient to support sealing and the Court finds nothing in Exhibit A that overcomes the public's right of access to court records, the Court denies BIT International's motion as to Exhibit A.

### B. Exhibit B: Bank Statement

BIT International's second exhibit filed under seal, Exhibit B, is a bank statement from Kemba Credit Union. Beasley makes no substantive argument to support sealing Exhibit B, so the Court reiterates its analysis in its prior motion at Doc. 339.

---

[18] *Id.* at 10 ("[T]he purported facts about Peter Beasley Dennis Schultz wrote in Exhibit A are false, harmful and libelous.").

[19] *Id.* at 10.

[20] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019) ("Texas law establishes the following elements to state an actionable claim of defamation: (1) publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damages.").

[21] Doc. 356 at 15.

[22] Doc. 337-1, Ex. A.

[23] *Id.*

BIT International filed a redacted version of the statement, shielding the account number from the public and made the conclusory statement that the record "should not be shared with the public."[24]  This is insufficient to support sealing.  In its independent analysis, the Court finds nothing confidential with the bank account number redacted.  The Court denies BIT International's request to seal Exhibit B.

### III.   Conclusion

After considering Beasley's response in support, the Court **DENIES** BIT International's motion to file these documents under seal and **INSTRUCTS** the clerk's office to unseal Exhibits A and B to BIT International's motion to seal.  The content of Exhibit A may be embarrassing to Beasley, but litigation necessarily takes place in a public forum and the public has a right of access to the records of their courts.

The Court's instructions are the result of a page-by-page, line-by-line analysis.  Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[25]

**IT IS SO ORDERED** this 21st day of January, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[24] Doc. 337 at 4 & Doc. 356 at 2.

[25] *June Med. Servs.*, 22 F.4th at 521.