I.    UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:20-cv-3008-x |
| GREGORY GREENLEE, DENNIS SCHULTZ, and BLACKS IN TECHNOLOGY, LCC, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants Blacks in Technology, LLC (BIT LLC) and Gregory Greenlee (collectively with BIT LLC, the "BIT LLC Parties") move the Court to (1) dismiss their live claims against Blacks in Technology International (International), Blacks United in Leading Technology (BUILT), and Blacks in Technology Texas (BIT Texas, and collectively with International and BUILT, the "International Parties") and (2) dismiss the International Parties' claims for lack of subject matter jurisdiction. (Doc. 365).

Non-party Peter Beasley filed two motions of his own: one to (1) recuse Judge Brantley Starr, (2) declare a Northern District local rule unconstitutional, and (3) grant Beasley equitable relief (Doc. 367); and one to set aside two of the Court's judgments from 2022 that terminated him as a live party to this case (Doc. 377).

The Court **GRANTS** the BIT LLC Parties' motion and **DISMISSES WITH PREJUDICE** their trademark infringement claims against the International

1

Parties.  The Court also **DISMISSES** the International Parties' counterclaims for cancelation of the trademarks.  Each party will bear its own fees and costs.

Further, the Court **DENIES** Beasley's motion for recusal and relief, **DENIES IN PART** his motion for reconsideration as to the Court's order at Doc. 218, and **GRANTS IN PART** his motion for reconsideration as to the Court's order at Doc. 219.  Finally, on reconsideration, the Court **DENIES** Beasley's motions for sanctions at Docs. 171 and 182.

## I.     Procedural Background

This case began when International sued BIT LLC, Greenlee, and Dennis Schultz over their alleged misconduct in business relations.  BIT LLC countersued International, BIT Texas, BUILT, and Beasley for violations of the Lanham Act and, as to Beasley alone, for fraud.  Then Beasley countersued, bringing civil racketeering and defamation claims against BIT LLC, Greenlee, and Schultz.  In a May 2022 order, the Court dealt with all claims by and against Beasley and terminated him as a party.[1]

After eight substantive orders (not counting orders on sealing), only a few claims remain in this case: the BIT LLC Parties' claim against the International Parties for infringement of a trademark under the Lanham Act, and the International Parties' counterclaim against the BIT LLC Parties for cancelation of that mark.  The mark at issue is a registered mark for the name "Blacks in Technology."[2]

---

[1] Doc. 218.

[2] BLACKS IN TECHNOLOGY, Registration No. 4,758,593.

The BIT LLC Parties first brought their trademark claims in March 2021, eighteen months after this case was filed. The International Parties responded with their cancelation counterclaims in September 2022, two full years into the life of this case.

In October 2022, the Court dismissed the BIT LLC Parties' other trademark infringement claim, which was over a logo mark that was pending but not registered.[3] And on January 30, 2025, the Court dismissed the last remaining claims beyond those at issue in this Order.

As the case in this Court was pending, the International Parties filed a petition with the United States Patent and Trademark Office's Trademark Trial and Appeal Board (the Trademark Board) to cancel the BIT LLC Parties' registered name trademark.[4] The Trademark Board stayed the proceedings pending resolution of this Court's case.[5]

The BIT LLC Parties now move to voluntarily dismiss their remaining claim for trademark infringement and argue that, once the Court dismisses the claim, it will lose jurisdiction to adjudicate the International Parties' cancelation claim alone.

The International Parties do not oppose BIT LLC Parties' dismissal of their infringement claim, but they insist the Court should permit dismissal only with prejudice or require the BIT LLC Parties to pay the International Parties' attorneys' fees. The International Parties also claim the Court has jurisdiction over their

---

[3] Doc. 227 at 4–5.

[4] Doc. 365, Ex. 1.

[5] Doc. 365, Exs. 2 & 4.

standalone cancelation claim and should allow it to proceed.

Non-party Peter Beasley also filed a response to the BIT LLC Parties' motion. He states that he joins the International Parties' opposition but asks the Court to demand the BIT LLC Parties show cause on various issues, make a finding of bad faith on their behalf, and award costs and fees to Beasley and the International Parties. Beasley also filed two motions. He moves for Judge Brantley Starr's recusal, asks the Court to declare a local rule unconstitutional, and seeks equitable relief from the Court's prior decisions. He also asks the Court to reconsider its May 2022 orders in which the Court adjudicated his claims, the claims brought against him, and his motions for sanctions.

## II.    Voluntary Dismissal

Under Federal Rule of Civil Procedure 41(a)(2), upon approval of the court, parties may dismiss an action without prejudice at any time "on terms that the court considers proper."[6]  Generally, the Fifth Circuit directs courts to "freely grant[]" motions for voluntary dismissal, "unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[7]  And the "fact that the plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice."[8]

In determining whether a dismissal will cause prejudice to the non-movant,

---

[6] Fed. R. Civ. P. 41(a)(2).

[7] *United States ex rel Vaughn v. United Biologics L.L.C.*, 907 F.3d 187, 196–97 (5th Cir. 2018) (cleaned up).

[8] *Id.* at 197 (cleaned up).

the court considers "whether the party proposes to dismiss a case at a late stage of pretrial proceedings, seeks to avoid an imminent adverse ruling, or may on refiling deprive the [non-movant] of a limitations defense."[9]  And if the court then decides that unconditional dismissal "will cause plain legal prejudice, it has two options[:] it can deny the motion outright or it can craft conditions that will cure the prejudice."[10]

Here, the BIT LLC Parties argue that dismissing their claim unconditionally will not prejudice the International Parties under this Fifth Circuit standard.  They argue the only consequence the International Parties face is the cost of a potential second suit, which does not constitute plain legal prejudice.  Further, the BIT LLC Parties emphasize that the International Parties filed a cancelation action over the mark with the Trademark Board on April 9, 2021, which has been suspended pending the action in this Court.  The BIT LLC Parties argue that dismissing their claim here would allow the Board to properly handle this trademark dispute.

But it is late in the game for voluntary dismissal.  By the time the BIT LLC Parties brought their initial counterclaim for trademark infringement and the International Parties responded with cancelation counterclaims, eighteen months and two years, respectively, had passed since this case began.  In their motion to dismiss, the BIT LLC Parties profess they

> do not arrive at this decision merely to avoid trial or out of hesitation about being put to their proof.  Rather, [they] wish to expedite the ending of years of litigation so [they] may move on in their affairs having already defeated the substantive claims against them that originated

---

[9] *Kranz v. Midland Credit Mgmt., Inc.*, 2020 WL 2326140, at *3 (W.D. Tex. May 8, 2020).

[10] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–18 (5th Cir. 2002).

this dispute.[11]

They are right that the Court has already dealt with every claim the original plaintiff—International—initiated this action to bring. And the remaining trademark claims will not disappear with a dismissal; they will proceed before the Trademark Board. But restarting this entire litigation after four-and-a-half years of work (and nearly two-and-a-half on these claims specifically) would constitute "plain legal prejudice" to the International Parties.[12] Further, Rule 41 specifies that, if a pending counterclaim cannot survive without the claim a movant seeks to voluntarily dismiss, the Court cannot permit dismissal over the nonmovant's objection.[13] And the International Parties consent only if the BIT LLC Parties' dismissal is conditioned with prejudice or fees.

Rule 41 grants the court authority to impose terms it deems proper on voluntary dismissal. This includes the power to convert a motion for Rule 41(a)(2) dismissal without prejudice into a dismissal with prejudice.[14] Any prejudice to the International Parties comes in the form of the cost of a potential second round of litigation, the wasted work and preparation expended up to the eve of trial, and the potential to lose the ability to bring their cancelation claim.

Granting the BIT LLC Parties' dismissal with prejudice both cures potential

---

[11] Doc. 365 at 2 n.1.

[12] *See Elbaor*, 279 F.3d at 317 ("[T]he fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of plain legal prejudice and denial of a Rule 41(a)(2) motion to dismiss." (cleaned up)).

[13] Fed. R. Civ. P. 41(a)(2).

[14] *Elbaor*, 279 F.3d at 320.

6

prejudice to the International Parties and takes the BIT LLC Parties at their word when they claim they simply want to move on from these years of litigation. The BIT LLC Parties will not have to bear the cost and labor of defending against these claims a second time, and they will be free to pursue their cancelation claim before the Trademark Board. Due to the duration and complexity of this litigation—including multiple sets of counterclaims, late added parties, terminated parties, and multiple rounds of motions to dismiss and seek summary judgment filed by nearly all sides—the Court finds a grant of attorneys' fees an improper cure for prejudice to the International Parties. And in any event, the International Parties consented only if the dismissal is either with prejudice or fees, and the Court is making it a dismissal with prejudice.

The Court therefore **GRANTS** the BIT LLC Parties' motion to dismiss their own claim as to all the International Parties, pursuant to Rule 41(a)(2), **WITH PREJUDICE**. This ruling does not affect the same matter before the Trademark Board, filed on April 9, 2021.

## A.    Beasley's Opposition

Peter Beasley, who is no longer a party to this case, opposes the BIT LLC Parties' voluntary dismissal as well. He asks the Court to order the BIT LLC Parties to show cause for various actions: (1) issuing a cease and desist to International over use of trademarks; (2) bringing infringement claims on the marks; (3) removing a challenge before the Trademark Board and then claiming ownership of the same trademark before this Court; (4) bringing claims against Beasley, BIT Texas, and

BUILT; and (5) not dismissing their trademark claim earlier.

As to Beasley's first and second points, he provides no evidence to suggest the BIT LLC Parties should not have enforced their purported rights to the name and logo marks. To support Beasley's third point, he cites Greenlee's motion to the Trademark Board requesting a stay while the case in this Court pends. Beasley argues this means "Greenlee removed a challenge in the [Trademark Board] claiming ownership, only to represent in this Court ownership by BIT, LLC."[15] That is not so. Beasley's own evidence shows Greenlee asked the Trademark Board to stay its adjudication while this Court considered the parties' claims. Requesting a stay before another tribunal says nothing of the BIT LLC Parties' right to pursue claims before this Court.

Beasley's fourth point asks why the BIT LLC Parties sued him and his entities at all. But the BIT LLC Parties' claims counterclaims properly added the counter–defendants as parties to the BIT LLC Parties' claims. Finally, Beasley asks why the BIT LLC Parties did not dismiss their last remaining claim sooner. But the Court disposed of all claims but this one less than a month ago. Upon learning that only the trademark dispute remained, the BIT LLC Parties moved to dismiss their claim within twenty-one days.

The Court **DENIES** Beasley's request for a finding of bad faith and for costs and fees, upon finding no evidence of bad faith from the BIT LLC Parties.

---

[15] Doc. 272 at 13.

### III.    Cancelation Claims

The next question is whether the International Parties' claims for cancelation of the trademarks at issue can stand alone without the underlying infringement claims.  The BIT LLC Parties argue the Court lacks subject matter jurisdiction over the cancelation claims, which after dismissal of the trademark infringement claims— the first in the Court's 2022 opinion and the second above—are the only claims remaining in this case.  Regardless of a case's procedural posture or which deadlines have passed, a court must always have subject matter jurisdiction.[16]  And "[s]ubject[ ]matter jurisdiction can never be waived or forfeited."[17]

Federal courts only have jurisdiction over live cases and controversies under Article III of the Constitution.[18]  From this limitation grew the justiciability doctrines of standing, mootness, political question, and ripeness.[19]  Standing requires that (1) a plaintiff suffer an injury in fact, (2) which is fairly traceable to the challenged conduct of the defendant, and (3) which will likely be redressed be a favorable judicial decision.[20]  This is an "irreducible constitutional minimum" that Congress cannot abrogate with a statutory right to sue.[21]  But a statutory cause of action can form the basis of standing in the sense that a plaintiff may suffer an injury-in-fact through the

---

[16] *Punch v. Bridenstine*, 945 F.3d 322, 330 (5th Cir. 2019).

[17] *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012) ("[A] valid objection [to subject matter jurisdiction] may lead a court midway through briefing to dismiss a complaint in its entirety.").

[18] U.S. CONST. art. III, § 2.

[19] *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006).

[20] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[21] *Id.* at 338–39.

invasion of a statutory legal right.[22]

The International Parties' cancelation claims arise under section 37 of the Lanham Act: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."[23]

Section 37 of the Lanham Act does not, on its own, provide a basis for federal jurisdiction.[24]   The operative language—"[i]n any action involving a registered mark"[25]—assumes an existing trademark action.  Some other controversy as to the mark's validity or its infringement must exist before a district court can exercise jurisdiction over its cancelation.[26]   Without the BIT LLC Parties' trademark infringement claims, the International Parties have no federal cause of action—no statutory injury upon which to base their standing.  And they are not injured by having no recourse to pursue their cancelation claims because of the dispute pending before the Trademark Board.  Thus, this Court lacks subject matter jurisdiction over

---

[22] *Lujan v. Def. of Wildlife*, 504 U.S. 555, 578 (1992).

[23] 15 U.S.C. § 1119.

[24] *See Sinacori v. Mem'l Women's Care, PLLC*, 2023 WL 1781811, at *3 (S.D. Tex. Feb. 6, 2023) ("[Section 1119] is merely a remedial statute rather than an independent basis for federal jurisdiction." (cleaned up)); *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) ("[E]ach circuit to directly address this statutory language has held that is creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction. . . . We therefore hold that Section 37 of the Lanham Act does not provide an independent basis for federal jurisdiction.").

[25] 15 U.S.C. § 1119.

[26] *Element Cap. Mgmt., LLC v. Element Fin., Inc.*, 2024 WL 2786055, at *2 (N.D. Tex. Mar. 12, 2024) (Means, J.).

their cancelation claims.

## IV.    Beasley's Motions

### A.    Motion for recusal, declaration on local rule, and equitable relief

#### 1.    Recusal

Beasley's motion at Doc. 367 seeks three things: Judge Starr's recusal, a declaration that local rule 16.1 is unconstitutional, and equitable relief in the form of expunging all the Court's past orders pertaining to him in this case.

First, the Court will analyze Beasley's motion to recuse.  Beasley moves for recusal under 28 U.S.C. §§ 144 and 455.  Under either statute, bias must be personal rather than judicial to warrant disqualification.[27]  Typically, adverse judicial rulings do not support a claim of bias—"only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[28]  This concept of bias in a judicial ruling refers to "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree."[29]  Under this standard, "a judge is not generally required to recuse for bias, even if the judge is exceedingly ill disposed towards the defendant, when the judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of

---

[27] *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

[28] *Id.*

[29] *Liteky v. United States*, 510 U.S. 540, 550 (1994).

11

the proceedings."[30]

Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[31]

"This provision applies only to charges of actual bias."[32] In considering a motion under section 144, the "judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged."[33] To be legally sufficient, an affidavit must meet the following requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature."[34]

Section 455 is broader than 144. It states that a judge whose "impartiality

---

[30] *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir.) (cleaned up).

[31] 28 U.S.C. § 144. Though Beasley's declaration is not notarized, the Court counts it as a sufficient substitute to a notarized affidavit under 28 U.S.C. § 1746.

[32] *Harmon v. Dallas Cnty.*, No. 3:13-cv-2083-L, 2017 WL 3394724, at *6 (N.D. Tex. Aug. 8, 2017) (Lindsay, J.) (citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).

[33] *Henderson*, 901 F.2d at 1296.

[34] *Id.*

might reasonably be questioned" in a particular case is disqualified from that case.[35] "In applying the statute, a court considers whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[36] The Fifth Circuit has defined a reasonable and objective person to mean "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person."[37]

Beasley's motion and declaration recount various actions and statements from the Court, both toward him and toward the other parties in this suit, as evidence of bias. First, he summarizes the Court's dismissal of his civil RICO claims with prejudice, denial of his request for court costs and attorneys' fees, and dismissal of his motions for sanctions. He argues it is evidence of the Court's bias against him that he was not granted leave to replead when other parties were. It is true that the Court dismissed his claims with prejudice, but only after finding that any amendment would be futile.[38] And as to costs and fees, the Court has already explained to Beasley that pro se litigants are not entitled to fees.[39] Nor did Beasley prevail on his claims, such that he might be entitled to costs.

Beasley also recounts the second lawsuit he filed alongside this one, stating it "would have infuriated most any judge."[40] But this is not a fact stated with

---

[35] 28 U.S.C. § 455.

[36] *Brocato*, 4 F.4th at 301 (cleaned up).

[37] *Id.* (cleaned up).

[38] Doc. 218 at 15.

[39] *Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006).

[40] Doc. 367 at 19.

particularity; it is mere speculation.

Next, Beasley turns to the Court's treatment of other parties in this case. His first example of disparate treatment is the Court's denial of his motion for leave to amend at Doc. 204. He neglects to mention that the Court also denied BUILT and BIT Texas's motions for leave to amend in the same order. He does cite other orders in which the Court granted parties leave to amend: one dismissed BIT LLC's claims but granted twenty-eight days to cure their defects; one granted BIT Texas and BUILT seven days to answer counter-claims against them after weighing the default-judgment factors; and one granted Schultz's request to answer counter-claims against him, in line with the Court's order granting BIT Texas and BUILT such permission. This summary of extensions granted and denied does not suggest the Court's impartiality when the court granted leave unless it would be futile.

Beasley's next section quotes from the Court's orders and opinions and asserts that the quoted statements are false. Each of the orders Beasley quotes from was based on the record as presented to the Court. Beasley may argue (and has) that other parties' statements of fact are erroneous, but the Court's review and summary of the case's record and procedural history is not evidence of prejudice or impartiality against him.

Beasley then cites to various legal conclusions with which he disagrees. As stated above, adverse legal rulings are not generally evidence of prejudice or bias under sections 144 and 455 unless they evidence opinions based on extrajudicial

sources or demonstrate a high degree of antagonism.[41]   Beasley's declaration here makes legal argument against the Court's decisions but fails to show any evidence of antagonism or opinion of extrajudicial source.

Finally, Beasley argues that the Court has exhibited "open hostility" toward him.[42]   His examples are statements to which he takes offense such as saying an email from Schultz to other International members recounted Beasley's "concerning history"[43] and referring to Beasley filing a "slew of motions" and "play[ing] a very active role in [this] litigation."[44]   He also cites to the Court's acknowledgement that Texas state courts have deemed Beasley a vexatious litigant.

But "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[45]   Judicial statements may suffice to establish bias if they "derive[] from an extrajudicial source" or "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[46]   But the Supreme Court has provided an example of such a statement by quoting from *Berger v. United States*, in which a judge is purported to have said about alleged German–American spies, "One must have a very judicial mind, indeed, not to be prejudiced against the German Americans in this country.   Their hearts are reeking with

---

[41] *U.S. v. Scroggins*, 485 F.3d at 824, 830 (5th Cir. 2007).

[42] Doc. 367 at 32.

[43] Doc. 360 at 14.

[44] Doc. 218 at 5.

[45] *Liteky*, 510 U.S. at 555.

[46] *Id.*

disloyalty."[47]  This Court's statements take no such approach.

In short, Beasley wants the Court to recuse because he believes he is entitled to a judge that makes him win.  Because Beasley fails to state facts that would convince a reasonable man that personal, not judicial, bias exists or that would reasonably call the Court's impartiality into question, he cannot satisfy the standards for recusal under sections 144 and 455.

### 2.    Local Rule 16.1

In the same motion, Beasley asks the Court to vacate Local Rule 16.1 for the Northern District as unconstitutional because it excepts cases involving pro se plaintiffs from the scheduling and planning requirements of Federal Rule of Civil Procedure 16(b).  However, Rule 16(b)(1) expressly states that courts must issue scheduling orders "[e]xcept in categories of actions exempted by local rule."[48]  And "a district court has discretion to adopt local rules that are necessary to carry out its business."[49]    Local Rule 16.1 serves the important government function of the efficient administration of justice, and it does not deprive pro se litigants of the due process of law.

### 3.    Relief from Court's prior orders

Finally, in the same motion, Beasley asks the Court to "strike and expunge" seven of the Court's orders and "obliterate" two of the exhibits filed to the docket. Beasley cites Fifth Circuit precedent in which filings were expunged from the record,

---

[47] *Berger v. United States*, 255 U.S. 22, 28 (1921) (quoted in *Liteky*, 10 U.S. at 555).

[48] Fed. R. Civ. P. 16(b)(1).

[49] *Frazier v. Heebe*, 482 U.S. 641, 645 (1987).

but both of the cases he cites dealt with the rights of named but unindicted alleged coconspirators in felony criminal cases.[50]  Beasley has not been publicly implicated as a felon without the procedural protection of a grand jury indictment.  He simply disagrees with this Court's rulings and wants to seal filings on the civil docket.  But as the Fifth Circuit has repeatedly held, "[t]he public's right of access to judicial records is a fundamental element of the rule of law."[51]

The Court therefore **DENIES** Beasley's motion.

### B.    Motion for reconsideration of May 2022 orders

Moving now to Beasley's motion for reconsideration, he asks the Court to reinstate him as a party and revive his claims against Schultz.  The Court has already adjudicated a Beasley motion for reconsideration of its orders at Docs. 218 and 219, though this time, Beasley seeks relief under Federal Rules of Civil Procedure 54(b) and 60(b).

Rule 60 requires a party to move for reconsideration "within a reasonable time—and . . . no more than a year after the entry of the judgment or order" for motions based on mistake, excusable neglect, new evidence, or fraud or misconduct from an opposing party.[52]  The motions Beasley asks the Court to reconsider were both filed on May 26, 2022.  But Beasley aptly appeals to Rule 54(b), which states that "any order or other decision . . . that adjudicates fewer than all the

---

[50] *In re Smith*, 656 F.2d 1101, 1107 (5th Cir. 1981); *United States v. Briggs*, 514 F.2d 794, 796 (5th Cir. 1975).

[51] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up).

[52] Fed. R. Civ. P. 60(c)(1).

claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[53]

Beasley again asks the Court to reinstate him as a party, though the Court has already dealt with all active claims concerning him. Under Rule 54(b), the Court may revise its prior order, but it is certainly not required to. Beasley argues that the Court improperly dismissed his claims against Schultz, but "the district court has a general power to dismiss cases *sua sponte*. For example, a district court may dismiss a complaint on its own for failure to state a claim."[54] And though Beasley makes much of the Court terminating him as a party, it clearly has not stopped him from participating in the case as an interested third party and protecting his rights, as he did in filing a response to the BIT LLC Parties' motion for voluntary dismissal and International's motion to seal.

Many of Beasley's arguments deal with his centrality to the facts of the case, but that says nothing of why the Court should reverse its prior decisions dismissing the claims brought by and against him.

Beasley also seeks relief on behalf of International: he asks the Court to reconsider its decision as to Schultz's liability to International and to hold an evidentiary hearing to consider evidence on claims to which he was never a party. Further, he provides no new evidence beyond conclusory assertions that the record

---

[53] Fed. R. Civ. P. 54(b).

[54] *Ogbebor v. Hardy*, 2025 WL 586822, at *2 (5th Cir. Feb. 24, 2025) (cleaned up).

18

on which the Court based its decisions was incorrect or incomplete.

However, the Court agrees with Beasley that it should reconsider its order on sanctions at Doc. 219. Motions for sanctions survive dismissal of claims and even final judgment.[55] So the Court should have adjudicated Beasley's motions on their merits even after dismissing his claims. It does so now.

The Court has reviewed Beasley's motions for sanctions against attorneys Colin L. Powell, Thomas G. Jacks, law firm Hartline Barger LLP, and party BIT LLC and does not find that they rise to the level warranting sanctions or a show cause hearing. The Court therefore **DENIES** both motions for sanctions. (Doc. 171 & 182).

Therefore, the Court **DENIES IN PART** Beasley's motion for reconsideration as to its order dismissing his claims at Doc. 218 and **GRANTS IN PART** as to its order mooting his motions for sanctions at Doc. 219. The Court then **DENIES** Beasley's motions for sanctions at Docs. 171 and 182.

## V.    Conclusion

For the reasons stated above, the Court **GRANTS** the BIT LLC Parties' motion for voluntary dismissal, (Doc. 365), and **DISMISSES WITH PREJUDICE** the BIT LLC Parties' trademark infringement claim against the International Parties. The Court also **DISMISSES** the International Parties' counterclaims for cancelation of the trademarks. This ruling does not affect the matter pending before the Trademark Board, filed on April 9, 2021: proceeding 92,076,869.

The Court also **DENIES** Peter Beasley's motion for recusal (Doc. 367). And it

---

[55] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990).

**DENIES IN PART** Beasley's motion for reconsideration (Doc. 377) as to its order dismissing his claims at Doc. 218 and **GRANTS IN PART** as to its order mooting his motions for sanctions at Doc. 219. On reconsideration, the Court then **DENIES** Beasley's motions for sanctions at Docs. 171 and 182.

Each party will bear its own fees and costs.

**IT IS SO ORDERED** this 11th day of March, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE